American Federation of State, County and Municipal Employees, AFL-CIO etc., Petitioner *v.* Commonwealth et al., Respondents.

Joint Bargaining Committee of the Pennsylvania Social Services Union et al., Petitioners *v.* Commonwealth of Pennsylvania et al., Respondents.

Dennis J. Solecki et al., Petitioners *v.* Commonwealth of Pennsylvania et al., Respondents.

The Association of Pennsylvania State College and University Faculties et al., Petitioners *v.* The State System of Higher Education et al., Respondents.

Argued November 15, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Richard Kirschner,* with him *Lee W. Jackson* and *Stuart W. Davidson,* for petitioners, AFSCME, Barbush and Solecki.

*Bruce Ludwig, Stephen A. Sheller & Associates,* for petitioners, Joint Bargaining Committee of the Pennsylvania Social Services Union et al.

*Elliot A. Strokoff, Handler, Gerber, Johnston, Strokoff & Cowden,* for petitioners, The Association of Pennsylvania State College and University Faculties et al.

*James J. Kutz,* Deputy Attorney General, with him *Allen C. Warshaw,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

*Anthony C. Busillo, II, Mancke, Lightman & Wagner,* for intervenor, State Conference of State Police Lodges of the Fraternal Order of Police.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 7, 1984:

The petitioners and respondents in these four consolidated cases have filed cross-motions for summary judgment. Petitioners seek the permanent enjoinment of Section 7 of Act 31 of 1983, 71 Pa. C. S. §5505.1, which requires most Commonwealth employees, participants in the State Employes' Retirement System[1] to contribute an additional 1 1/4% of their salary to the State Employes' Retirement Fund. Respondents seek to have the constitutionality of Act 31 upheld. We grant petitioners' motion for summary judgment and deny respondents' motion for summary judgment. We also order the Commonwealth to refund immediately all employee contributions in excess of the five (5%) percent basic contribution rate heretofore collected.[2]

---

[1] Petitioners in this case are all members of the State Employe Retirement System.

[2] The Commonwealth is also ordered to return any accrued interest at the rate of four (4%) percent as set forth in Section 5102 of the Retirement Code, 71 Pa. C. S. §5102.

On July 22, 1983, Governor Thornburgh signed into law Act 31 of 1983. The disputed section of the Act, which purported to amend the Retirement Code, reads as follows:

§5505.1.  Additional member contributions

In addition to regular or joint coverage member contributions and social security integration contributions, contributions shall be made on behalf of each active member, regardless of class of service, at the rate of 1 1/4% of compensation until such time as the actuary certifies that all accrued liability contributions have been completed in accordance with the actuarial cost method provided in section 5508(b) (relating to actuarial cost method).

The Retirement Code, which mandates employee participation in the retirement system, holds in Section 5501[3] that "[r]egular member contributions shall be made to the fund on behalf of each active member for current service." Section 5502[4] sets that basic contribution rate at five (5%) percent of an employee's compensation. The basic contribution rate is defined in Section 5102 of the Retirement Code as

[f]ive (5%) percent *except that in no case shall any member's rate . . . be greater than his contribution rate on the effective date of this part* so long as he does not elect additional coverage or membership in another class of service.[5]  (Emphasis added.)

The various petitioners filed suit,[6] which suits were subsequently consolidated, seeking to prelim-

---

[3] 71 Pa. C. S. §5501.

[4] 71 Pa. C. S. §5502.

[5] 71 Pa. C. S. §5102.

[6] AFSCME filed the original suit and was joined at the preliminary injunction stage by the Joint Bargaining Committee of the

inarily and permanently enjoin the implementation of Section 7 of Act 31. This Court[7] granted the motion for preliminary injunction on September 2, 1983. The parties then filed cross-motions for summary judgment. It is the determination of those cross-motions that we are now addressing.

Petitioners' main contention is that Section 7 of Act 31 violates Article I, Section 10 of the United States Constitution[8] and Article I, Section 17 of the Pennsylvania Constitution.[9] They assert that their constitutionally-guaranteed right to contract has been impaired by Section 7 of Act 31, which deprives them of applicable benefits to which they are entitled under the retirement system. We agree.[10]

In this Commonwealth, public retirement benefits are considered deferred compensation, thus bestowing upon the employee certain contractual rights. *Wright*

---

Pennsylvania Social Services Union and Dennis J. Solecki. Subsequently, APSCUF, which has filed suit, and the Fraternal Order of Police, which sought and was granted intervention, were also joined in this consolidated action.

[7] *AFSCME v. Commonwealth*, 77 Pa. Commonwealth Ct. 37, 465 A.2d 62 (1983) (Memorandum Opinion by CRUMLISH, P.J.).

[8] The United States Constitution, article I, section 10, clause 1 provides:

No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law; or Law impairing the Obligation of Contracts, or grant other Title of Nobility.

[9] The Pennsylvania Constitution, article 1, section 17 provides:

No *ex post facto* law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed.

[10] We note that petitioners in this case were members of the retirement system prior to the enactment of Act 31. Act 31 does not impair the contract right of those individuals hired by the Commonwealth after it was enacted.

*v. Allegheny County Retirement Board,* 390 Pa. 75, 134 A.2d 231 (1957). Our Supreme Court stated in *Geary v. Allegheny County Retirement Board,* 426 Pa. 254, 257, 231 A.2d 743, 745 (1967), that:

> [P]ublic employees *who have become eligible for retirement allowances and those who are in the process of becoming eligible* possess certain vested and contractual rights with which the Legislature may not constitutionally interfere. (Emphasis added.)

Our Supreme Court, in *Catania v. Commonwealth (Catania I),* 498 Pa. 684, 450 A.2d 1342 (1982) (Per Curiam), reaffirmed this proposition as to those public employees whose retirement benefits had completely vested. In *Catania I,* the Supreme Court, quoting *Harvey v. Allegheny County Retirement Board,* 392 Pa. 421, 141 A.2d 197 (1958), stated: "An employee who has complied with all conditions necessary to receive a retirement allowance cannot be affected adversely by subsequent legislation which changes the terms of the retirement contract." *Catania I* at 695, 450 A.2d at 1347.

Since Section 7 of Act 31 simply raises the amount of employee contribution without any benefit increase for those petitioners whose rights have vested, Section 7 of Act 31 clearly affected them adversely, it therefore unconstitutionally impairs their contract rights.

Our Supreme Court, in *Catania I,* however, did not decide on a standard to be applied to employees whose rights had not yet vested, remanding it to this Court for consideration. This Court, in *Catania v. Commonwealth (Catania II),* 71 Pa. Commonwealth Ct. 393, 455 A.2d 1250 (1983), concluded that pre-vesting changes which subject the employee to a net detriment are constitutionally unacceptable. Under *Catania II,* a net detriment would occur when there

were unilateral changes in the terms or conditions of the retirement contract subsequent to employment, and those changes inured to the detriment of the employee.

We must now decide if those petitioners whose rights have not yet vested would suffer a "net detriment" if Section 7 of Act 31 were allowed to stand.

Section 7 of Act 31 calls for a 1 1/4% increase in basic contribution rate. There is contained nowhere in Act 31 any provision to raise the employee benefit level. Respondents argue that the increase is necessary to preserve the actuarial soundness of the fund which would be to the benefit of all employees. The fact remains, however, that the employee is now paying more for each dollar of pension benefit he will receive. That being the case, there is no benefit to the employee that could arguably offset the fiscal disadvantage of the increased contribution rate. Under our *Catania II* analysis, this would clearly result in a net detriment to all non-vested petitioners. Therefore, as to the non-vested petitioners, Section 7 of Act 31 is an unconstitutional impairment of the right to contract.

By concluding that Section 7 of Act 31 as applied to all petitioners in this case is unconstitutional, we grant their motion for summary judgment. Respondents' motion for summary judgment is denied.

## Order

Upon consideration of the cross-motions for summary judgment of petitioners and respondents, the petitioners' motion for summary judgment is granted and the respondents' motion for summary judgment is denied. Further, IT IS ORDERED that:

(1) Respondents, jointly and severally, together with their agents and representatives, are hereby permanently enjoined from collecting pension contribu-

tions from employees who were members of the State Employes' Retirement System *prior* to the enactment of Act 31 of 1983, in excess of the five (5%) percent basic contribution rate; and

(2) Respondents, jointly and severally, together with their agents and representatives, are hereby directed to return, immediately, all monies collected from employees who were members of the State Employes' Retirement System *prior* to the enactment of Act 31 of 1983, in excess of the five (5%) percent basic contribution rate, and to return any accrued interest from all monies collected at the rate of four (4%) percent as set forth in Section 5102 of the State Employes' Retirement Code, 71 Pa. C. S. §5102.