533 A.2d 785

American Federation of State, County and Municipal Employees, AFL-CIO, by its Trustee Ad Litem, Edward J. Keller, Petitioner *v.* Commonwealth of Pennsylvania, The Honorable Richard Thornburgh, Governor of the Commonwealth of Pennsylvania; State Employees' Retirement Board: Robert L. Cusma, Executive Director of the State Employees' Retirement Board, and R. Budd Dwyer, Treasurer of the Commonwealth of Pennsylvania, Respondents.

Joint Bargaining Committee of the Pennsylvania Social Services Union and Pennsylvania Employment Security Employees' Association, Locals 668 and 675, SEIU, AFL-CIO, by its Trustee Ad Litem, Andrew L. Stern and Harry Beshgetoorian; Pennsylvania Social Services Union, by its Trustee Ad Litem, Andrew L. Stern; Frank Catanese, Individually and on behalf of others similarly situated and Lillian Swartz, individually and on behalf of others similarly situated, Petitioners *v.* Commonwealth of Pennsylvania, The Honorable Richard Thornburgh, Governor of the Commonwealth of Pennsylvania, et al., Respondents.

Dennis J. Solecki and Lea F. Barbush, as individuals, on behalf of themselves and all others similarly situated, Petitioners *v.* Commonwealth of Pennsylvania, The Honorable Richard Thornburgh, Governor of the Commonwealth of Pennsylvania, et al., Respondents.

Argued June 10, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, BARRY and COLINS.

*Stuart W. Davidson*, with him, *Lee W. Jackson,*
*Alaine S. Williams,* and *Richard Kirschner, Kirschner,*

*Walters, Willig, Weinberg & Dempsey,* for petitioners, American Federation of State, County and Municipal Employees, AFL-CIO, by its Trustee Ad Litem, Edward J. Keller, and petitioners Dennis J. Solecki and Lea F. Barbush, et al.

*Bruce M. Ludwig, Stephen A. Sheller & Associates,* for petitioners, Joint Bargaining Committee of Pennsylvania Social Services Union, Pennsylvania Employment Security Employees' Association, et al., and petitioners Frank Catanese and Lillian Swartz, et al.

*James J. Kutz,* Deputy Attorney General, with him, *Allen C. Warshaw,* Senior Deputy Attorney General, Chief Litigation Section, *LeRoy S. Zimmerman,* Attorney General, for respondents, Commonwealth of Pennsylvania, The Honorable Richard Thornburgh, Governor of the Commonwealth of Pennsylvania, et al.

*Nicholas Joseph Marcucci,* Attorney-in-charge, and *Andrew H. Cline,* Deputy General Counsel, Office of General Counsel, for respondent, State Employees' Retirement Board, et al.

*Gary M. Lightman,* with him, *Anthony C. Busillo, II, Mancke, Lightman & Wagner,* for respondents, State Police Lodges of the Fraternal Order of Police.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 12, 1987:

Petitioners[1] and respondent State Employees' Retirement Board (Board) in these three consolidated

---

[1] The American Federation of State, County and Municipal Employees (AFSCME) filed the original suit and was joined at the preliminary injunction stage by the Joint Bargaining Committee of the Pennsylvania Social Services Union and Dennis J. Solecki.

matters cross-motion for summary judgment on a motion for enforcement of our March 7, 1984 Order in *AFSCME v. Commonwealth,* 80 Pa. Commonwealth Ct. 611, 472 A.2d 746 (1984), *aff'd sub nom. Association of Pennsylvania State College and University Faculties v. State System of Higher Education,* 505 Pa. 369, 479 A.2d 962 (1984), directing in part that:

> Respondents, jointly and severally, together with their agents and representatives, are hereby permanently enjoined from collecting pension contributions from employees who were members of the State Employes' Retirement System *prior* to the enactment of Act 31 of 1983, in excess of the five (5%) percent basic contribution rate. . . .

80 Pa. Commonwealth Ct. at 618, 472 A.2d at 749 (emphasis in original).

We held in that opinion that Section 7 of Act 31 of 1983, 71 Pa. C. S. §5505.1[2] (Act 31), which requires active members in the State Employes' Retirement System (SERS) to contribute an additional 1¼% of their salary to the SER Fund, was an unconstitutional impairment of the right to contract for *both* vested[3] and nonvested[4] members.

---

[2] State Employes' Retirement Code, 71 Pa. C. S. §§5101—5956.

[3] In *Catania v. Commonwealth (Catania I),* 498 Pa. 684, 695, 450 A.2d 1342, 1347 (1982), our Supreme Court held that an employee who has complied with all conditions necessary to receive a retirement allowance cannot be affected adversely by subsequent legislation which changes the terms of the retirement contract.

[4] In *Catania v. State Employees' Retirement Board (Catania II),* 71 Pa. Commonwealth Ct. 393, 455 A.2d 1250 (1983), this Court held that pre-vesting changes which subject the employee to a net detriment are constitutionally unacceptable.

In implementing our Order, however, the Board issued a management directive[5] which mandated the collection of pension contributions at the 6¼% rate from employees who were members of the SERS *prior* to the enactment of Act 31 *but* who were separated from their employment for more than fourteen days and who were later reinstated or re-employed. The Board collects the additional member contributions from these formerly "separated" members regardless of whether they maintained their contributions in the SER Fund or withdrew their money during their break in service. Dissatisfied with this practice, AFSCME filed the enforcement motion in which it alleged that the Board was improperly applying the higher employee contribution rate to the following SERS members:

(1) Employees who have been suspended, terminated or discharged from employment and have subsequently been returned to employment because of an arbitration award, civil service order, court order, lawsuit, or settlement of a claim for reinstatement;

(2) Employees who have been separated from their employment and subsequently returned to work pursuant to statutory or contractual provisions such as recall rights;

(3) Employees who have been on extended authorized leaves of absence with or without pay;

(4) Employees who have been separated from employment either voluntarily or involuntarily and who subsequently returned in a manner or method reinstating their accrued seniority rights including credit for prior service; and

---

[5] Management Directive 570.9, *as amended.*

(5) Employees who have been separated either voluntarily or involuntarily from their employment and who have subsequently returned to active pay status but who maintained their member's status throughout the separation period.

Petitioners seek summary judgment to compel the Board to comply with our prior Order as it pertains to *all* employees who were members of the retirement system prior to the enactment of Act 31. The Board moves for summary judgment because it contends that our March 7, 1984 Order applied to only active members who had never experienced a break in their employment with the Commonwealth. We grant Petitioners partial summary judgment and partial summary judgment to the Board.

In ruling on a motion for summary judgment, a court must consider not only the pleadings but other documents of record, such as exhibits. *Council 13, AFSCME, by its Trustee Ad Litem, Edward J. Keller v. Commonwealth,* 108 Pa. Commonwealth Ct. 155, 529 A.2d 1188 (1987). However, for summary judgment to be entered, the moving party must establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *McKenna v. State Employees' Retirement Board,* 54 Pa. Commonwealth Ct. 338, 421 A.2d 1236 (1980) *aff'd,* 495 Pa. 324, 433 A.2d 871 (1981). Because we find no material issue of fact in dispute, it is appropriate to enter summary judgment herein.

Petitioners principally contend that the retirement contract is controlled by the State Employees' Retirement Code, 71 Pa. C. S. §5101—5956, which dictates that membership *not* be linked to continuous employment.

The Board counters that members whose employment terminates are no longer in the class covered in

our Order; that after a fourteen-day break in service, the "rehired" employee forms a *new* employment contract which includes the obligation to pay additional pension contributions. It reasons, therefore, that the contractual right to accrue retirement benefits formed at the start of employment is dependent upon *continuous* state employment. We disagree.

The Retirement Code defines the term "member"[6] to include "active member, inactive member, annuitant, or vestee." 71 Pa. C. S. §5102. The Code specifically defines each group of members as follows:

> 'Active member.' A State employee, or a member on leave without pay, for whom pickup contributions are being made to the fund.

> 'Inactive member.' A member for whom no pickup contributions are being made but who has accumulated deductions standing to his credit in the fund and who is not eligible to become or has not elected to become a vestee or has not filed an application for an annuity.

> 'Annuitant.' Any member on or after the effective date of retirement until his annuity is terminated.

> 'Vestee.' A member with ten or more eligibility points who has terminated State service and has elected to leave his total accumulated deductions in the fund and to defer receipt of an annuity.

Further, the Code provides that an employee who terminates employment may discontinue membership in the SERS by withdrawing total accumulated deductions in lieu of other benefits, 71 Pa. C. S. §5701, or may elect to become a "full coverage *member*" by pay-

---

[6] This definition of "member" was enacted in 1974 and was not amended by Act 31 of 1983.

ing the lump sum required, 71 Pa. C. S. §5907(f) (emphasis added). Thus, membership in the SERS does not necessarily terminate with a cessation of employment.

Where words of the statute are clear and unambiguous, the Commonwealth Court is not empowered to disregard the letter of the statute under the pretext of pursuing its spirit; rather, the statute must be given its plain and obvious meaning. *Wilderness Industries of Maryland, Inc. v. State Board of Motor Vehicle Manufacturers, Dealers and Salesmen,* 58 Pa. Commonwealth Ct. 127, 427 A.2d 1235 (1981).

We hold that our prior March 7, 1984 Order applies to *all* employees who were members of the SERS prior to the enactment of Act 31 and who, in spite of a break in service, maintained their membership by leaving their accumulated contributions in the retirement fund.

Thus, we conclude that employees who have been separated but who return to work pursuant to judicial or administrative order, arbitration award, settlement agreement or recall procedures (categories (1) and (2), *supra),* are inactive members as defined by the Code, insofar as they leave their accumulated contributions in the retirement fund. Likewise, employees on paid or unpaid leave retain active membership status as long as they either continue making pickup contributions or leave their contributions in the fund (category (3), *supra).* The Board in its own definition of the last category ((5), *supra),* includes those employees who have maintained their membership status during their period of separation. Thus, these employees are protected by our prior Order.

On the other hand, former employee-members who withdraw their accumulated contributions from the retirement fund but who subsequently repurchase credit for their previous state service pursuant to Sections

5504 and 5907(d) of the Code,[7] (category 4, *supra*), do not fall within the Code's definition of active or inactive member, annuitant or vestee, and therefore are not covered by our prior *AFSCME* Order.

---

[7] §5504. Member contributions for the purchase of credit for previous State Service or to become a full coverage member

(a) Amount of contributions.—The contributions to be paid by an active member or eligible school employee for total previous State service or to become a full coverage member shall be sufficient to provide an amount equal to the regular and additional accumulated deductions which would have been standing to the credit of the member for such service had regular and additional member contributions been made with full coverage in the class of service and at the rate of contribution applicable during such period of previous service and had his regular and additional accumulated deductions been credited with statutory interest during all periods of subsequent State and school service up to the date of purchase.

(b) Certification and method of payment.—The amount payable shall be certified in each case by the board in accordance with methods approved by the actuary and shall be paid in a lump sum within 30 days or in the case of an active member may be amortized with statutory interest through salary deductions in amounts agreed upon by the member and the board.

§5907. Rights and Duties of State employees and members

. . . .

(d) Credit for previous service or change in membership status.—Any active member or eligible school employee who desires to receive credit for his total previous State service or creditable nonstate service to which he is entitled, or a joint coverage member who desires to become a full coverage member, shall so notify the board and upon written agreement by the member and the board as to the manner of payment of the amount due, the member shall receive credit for such service as of the date of such agreement.

Accordingly, we grant partial summary judgment to Petitioners enforcing our prior Order to the extent that separated employees are active members of the system by virtue of continuing their contributions, or who are inactive members by virtue of maintaining accumulated deductions in the fund. We grant partial summary judgment to the Board as it applies to separated employees who have withdrawn their accumulated deductions prior to returning to state employment.

ORDER

Upon consideration of petitioners' and respondents' cross-motions for summary judgment on petitioners' joint motion for enforcement of our March 7, 1984 Order in *AFSCME v. Commonwealth*, 80 Pa. Commonwealth Ct. 611, 472 A.2d 746 (1984), we grant partial summary judgment to petitioners, and their motion for enforcement as to those SERS members contained in paragraph twelve, categories one, two, three and five of petitioners' joint motion for enforcement.

We grant partial summary judgment to respondents and deny the motion for enforcement as to those SERS members contained in paragraph twelve, category four of petitioners' joint motion for enforcement.