IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bray Jibril Murray,            :
         Petitioner         :
                        :
        v.                 :
                        :
Secretary John Wetzel; Superintendent  :
Mahally; Hearing Examiner C.J.     :
McKeown; and Lieutenant Corbett,   :  No. 542 M.D. 2017
         Respondents    :  Submitted: May 7, 2021

BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: July 14, 2021

Before this Court in our original jurisdiction are Bray Jibril Murray's (Murray) Application for Summary Relief in the nature of a Motion for Judgment on the Pleadings (Motion) and Hearing Examiner C.J. McKeown's (Hearing Examiner McKeown) Cross-Application for Summary Relief in the form of a Motion for Summary Judgment (Application). After review, this Court denies Murray's Motion and Hearing Examiner McKeown's Application.

**Background**[1]

Murray is an inmate currently incarcerated at State Correctional Institution (SCI)-Dallas. Until August 30, 2016, Murray was incarcerated at SCI-Benner. On August 3, 2016, while at SCI-Benner, prison staff alleged that Murray had engaged in misconduct, issued a misconduct report charging him with, *inter alia*,

---

[1] The following facts are as alleged in the pleadings.

threatening staff, and immediately placed him in the Restricted Housing Unit (RHU). On August 16, 2016, a Pennsylvania Department of Corrections' (Department) Hearing Examiner (Hearing Examiner) found Murray guilty of misconduct and ordered him to spend 30 days in disciplinary custody in the RHU (August 16, 2016 Decision). Murray appealed from the August 16, 2016 Decision to SCI-Benner's Program Review Committee (PRC), arguing that the Hearing Examiner had improperly precluded Murray's witnesses from testifying despite Murray's timely submission of a witness request form. The PRC remanded the matter for a rehearing so the Hearing Examiner could review the request,[2] but, before a new hearing could be held, Murray was transferred to SCI-Dallas on August 30, 2016.

Upon his arrival at SCI-Dallas, Murray was immediately placed in disciplinary custody in the facility's RHU, K-Unit (K-Unit). On September 9, 2016, Hearing Examiner McKeown conducted the rehearing on the reported August 3, 2016 misconduct, found Murray guilty of the misconduct, and required Murray to serve 60 days in disciplinary custody in the K-Unit. On September 21, 2016, Murray appealed to SCI-Dallas' PRC, which upheld Hearing Examiner McKeown's decision. On October 17, 2016, Murray appealed to the facility manager, who upheld Hearing Examiner McKeown's decision. On October 18, 2016, Murray

---

[2] In his Answer to New Matter, Murray included the following quote from the PRC's determination:

> This document was not received by the Hearing Examiner's [c]lerk until 8/17/[20]16, which was after Murray's hearing. Based on this information PRC finds to remand this misconduct back [sic] to the Hearing Examiner for re-hearing to allow the DC-141-part 2A INMATE REQUEST FOR REPRESENTATION AND WITNESSES document to be included in the hearing process.

Answer to New Matter ¶6.

appealed to the Office of the Chief Hearing Examiner, which denied Murray's appeal and upheld Hearing Examiner McKeown's decision. On March 6, 2017, Murray filed a pro se complaint in the Luzerne County Common Pleas Court (common pleas court) for declaratory judgment, mandamus relief and compensatory and punitive damages against Hearing Examiner McKeown, Department Secretary John Wetzel, SCI-Dallas Superintendent Lawrence Mahally, and Lieutenant Corbett[3] (collectively, Respondents) (Petition).

On July 31, 2017, the common pleas court transferred the Petition to this Court. On November 27, 2017, this Court ordered Respondents to file an answer or otherwise respond to the Petition within 30 days. On December 27, 2017, Respondents filed Preliminary Objections to the Petition seeking dismissal of Murray's action. Relevant to Hearing Examiner McKeown, Respondents contended that, to the extent Murray seeks review of the discipline imposed, such must be dismissed because this Court lacked subject matter jurisdiction. Concerning Murray's allegations that he was denied due process when his witnesses were not permitted to testify at the disciplinary hearing, Respondents averred that the claims were meritless since a hearing examiner has discretion to determine the relevance of evidence.

On August 18, 2018, this Court overruled Respondents' Preliminary Objection with respect to Murray's challenge to Hearing Examiner McKeown's refusal to permit his witnesses to testify at the disciplinary hearing, but sustained the Preliminary Objections in all other respects. *See Murray v. Wetzel* (Pa. Cmwlth. No. 542 M.D. 2017, filed Aug. 18, 2018). This Court also sustained the Preliminary Objections relative to the remaining Respondents and dismissed them from the

---

[3] The parties did not identify Lieutenant Corbett's full name in the documents filed with this Court.

action. *See id.* This Court further directed Hearing Examiner McKeown to file an answer to the allegations remaining against him within 30 days of the exit date of the Order. *See id.* On August 31, 2018, Hearing Examiner McKeown filed an Answer and New Matter to the Petition. On September 17, 2018, Murray filed an Answer to Hearing Examiner McKeown's New Matter.

## Facts

By February 19, 2021 Order, because the action had been dormant for an extended period of time, this Court directed Murray to show cause why the action should not be dismissed for want of prosecution (Rule to Show Cause). On March 15, 2021, Murray responded to the Rule to Show Cause. Also on March 15, 2021, Murray filed the Motion. By March 18, 2021 Order, this Court discharged the Rule to Show Cause. On March 29, 2021, Hearing Examiner McKeown filed an Answer to the Motion and filed his Application. The Motion and the Application are now ripe for review.

## Discussion

Initially,

[a] motion for judgment on the pleadings is in the nature of a demurrer; all of the opposing party's allegations are viewed as true and only those facts which have been specifically admitted by him may be considered against him. In reviewing a motion for judgment on the pleadings, the [] court may only consider the pleadings themselves and any documents properly attached thereto. A motion for judgment on the pleadings should be granted by a [] court only when the pleadings show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

4

*Trib Total Media, Inc. v. Highlands Sch. Dist.*, 3 A.3d 695, 698 n.2 (Pa. Cmwlth. 2010) (citations omitted).

> Similarly,
>
> [a]n application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute. When ruling on an application for summary relief, "we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Eleven Eleven* [*Pa., LLC v. State Bd. of Cosmetology*], 169 A.3d [141,] 145 [(Pa. Cmwlth. 2017) (internal quotation marks omitted)].

*Gregory v. Pa. State Police*, 185 A.3d 1202, 1205 n.5 (Pa. Cmwlth. 2018) (citations omitted).

> The United States Supreme Court has explained:
>
> [T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense **when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals**. Ordinarily, the right to present evidence is basic to a fair hearing; but **the unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment** that in individual cases may be essential to carrying out the correctional program of the institution. **We should not be too ready to exercise oversight and put aside the judgment of prison administrators**. . . . Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Although we do not prescribe it, **it would be useful for the [c]ommittee to state its reason for refusing to call a witness**, **whether it be for irrelevance**, **lack of necessity**, **or the hazards presented in individual cases**. Any less flexible rule appears untenable as a constitutional matter[.]

*Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) (emphasis added).

> The *Wolff* Court continued:

> The operation of a correctional institution is at best an extraordinarily difficult undertaking. Many prison officials, on the spot and with the responsibility for the safety of inmates and staff, are reluctant to extend the unqualified right to call witnesses; and in our view, **they must have the necessary discretion without being subject to unduly crippling constitutional impediments**. There is this much play in the joints of the Due Process Clause, and we stop short of imposing a more demanding rule with respect to witnesses and documents.

*Wolff*, 418 U.S. at 566-67 (emphasis added).

## Murray's Motion

Murray argues that because inmates are entitled to witness testimony in a disciplinary proceeding, and there is no genuine dispute regarding the fact that Hearing Examiner McKeown's denial of witnesses was not based on institutional safety or correctional goals, he is entitled to judgment on the pleadings.[4] Hearing Examiner McKeown rejoins that Murray failed to establish that there are no genuine

---

[4] Murray further contends that Hearing Examiner McKeown violated double jeopardy proscriptions against multiple punishments for the same offense by conducting a second hearing on the same misconduct. However, Murray alleged in his Petition: "On 8/25/[20]16, **in response to appeal for Misc. report** #939593, [SCI-Benner's PRC] finds that [Murray] had in fact submitted a timely witness request form (which was never received by the hearing examiner), and consequently, **the PRC remands Misc. report** #939593 back [sic] **to hearing examiner for a rehearing**." Petition ¶5 (emphasis added). Consequently, the rehearing was a corrective measure taken in response to Murray's appeal. Moreover, the Pennsylvania Supreme Court has held that double jeopardy does not apply in the prison disciplinary setting. *See Commonwealth v. McGee*, 744 A.2d 754, 759 (Pa. 2000) ("[W]here, as here, prison disciplinary action is imposed for infractions of prison regulations within the confines of the authorized administrative scheme, and such discipline falls within the range of predictable punishment under the original sentence and can be justified on the basis of safe, orderly or efficient institutional administration, it does not implicate the constitutional proscription against subsequent criminal prosecution based upon double jeopardy."). Accordingly, the double jeopardy proscriptions were not violated in this instance.

issues of material fact, or that he is entitled to judgment as a matter of law. Specifically, Hearing Examiner McKeown responds that he has challenged Murray's claim that he violated Murray's due process rights by disallowing Murray's request for witnesses at every opportunity. First, Hearing Examiner McKeown asserts that he properly exercised his discretion in denying Murray's request for witnesses, because those witnesses were not required for Murray to prove the facts at issue. *See* Answer and New Matter. Second, Hearing Examiner McKeown contends that the witnesses were housed at SCI-Benner, *see* New Matter ¶15, which created logistical and operational challenges to produce them for testimony.

In his Answer to the Petition, Hearing Examiner McKeown expressly denied paragraph 10, wherein Murray alleged: "Yet, in spite of the extraordinary circumstances, [Hearing Examiner] **McKeown arbitrarily denie**[**d**] **timely requested witnesses** (after confirming that video evidence was not [sic] unavailable),[5] finds [Murray] guilty of Misc. report #939593 a second time, and subsequently sanction[ed] him to 60-days disciplinary custody time in RHU." Petition ¶10 (emphasis added). Further, in his Answer to the Petition, Hearing Examiner McKeown denied paragraph 23, wherein Murray alleged:

> [**Hearing Examiner**] **McKeown** violate[ed] the DOUBLE JEOPARDY, DUE PROCESS, and WITNESS CLAUSES of the FOURTEENTH and SIXTH AMENDMENTS to the United States Constitution, [U.S. CONST. amends. XIV, VI,] when he **denied** [**Murray's**] **properly requested defense witnesses to participate in** [sic] **disciplinary hearing** (and establish a preponderance of evidence in favor of not guilty plea); and also, utilize[d] self[-]same evidence (i.e., Misc. report #[]939593) in a second disciplinary hearing, and imposes a second greater sanction.

Petition ¶23 (emphasis added).

---

[5] Murray expressly alleged that the video evidence was unavailable. *See* Petition ¶9.

Moreover, in his New Matter, Hearing Examiner McKeown averred, in relevant part:

> 17. [Hearing Examiner] McKeown did not violate [Murray's] due process rights by declining to hear from the witnesses [Murray] had requested from another facility.
>
> 18. Hearing examiners possess the authority to determine if and when inmate witnesses are necessary, and can decline to hear from witnesses that would not aid in the resolution of the misconduct or when entertaining witnesses would compromise the operation or security of the facility.
>
> 19. Transporting several inmates from one institution to another to testify on behalf of [Murray] at his misconduct hearing would disrupt the orderly operations of both facilities.

New Matter ¶¶17-19.

Although inmates are entitled to witness testimony in a disciplinary proceeding, given the above, it is not clear, as Murray asserts, that Hearing Examiner McKeown's denial of witnesses was not based on institutional safety or correctional goals. Consequently, this Court cannot hold that Murray is "entitled to judgment as a matter of law." *Trib Total Media, Inc.*, 3 A.3d at 698 n.2. Accordingly, Murray's Motion is denied.

**Hearing Examiner McKeown's Application**

Hearing Examiner McKeown argues that he is entitled to judgment as a matter of law. Specifically, Hearing Examiner McKeown contends the contemporaneous documentation reflects that he denied Murray's witness request because those witnesses were not required for Murray to establish the facts of the incident at issue. *See* McKeown Br. Ex. A at 11. Hearing Examiner McKeown also

8

asserts that it is significant that two of the witnesses that Murray requested were not housed in the area where the incident occurred on August 3, 2016. *See* McKeown Br. Exs. B, C. Further, Hearing Examiner McKeown avers that all three requested witnesses were residents of SCI-Benner and Murray's hearing was held at SCI-Dallas. *See id.* Lastly, Hearing Examiner McKeown maintains that the denial of prisoner witnesses during misconduct hearings for logistical and operational reasons is legitimate, *see Wolff*, and producing numerous prisoners from one institution to testify at another certainly represents substantial logistical and operational challenges.

Murray rejoins that this Court can only look at the pleadings/record in considering the Application and, therefore, the exhibits attached to McKeown's brief cannot be considered by this Court. However, Murray attached his own affidavit to his brief to refute Hearing Examiner McKeown's attachments. Murray further responds that Hearing Examiner McKeown filed his Application prematurely, as discovery had not ended.

At the outset, Pennsylvania Rule of Appellate Procedure (Rule) 1532(b) provides:

> **Summary relief**. At any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear.
>
> *Note: . . . .*
>
> Paragraph (b) authorizes immediate disposition of a petition for review, similar to the type of relief envisioned by the Pennsylvania Rules of Civil Procedure regarding judgment on the pleadings and peremptory and summary judgment. However, **such relief may be requested before the pleadings are closed where the right of the applicant is clear**.

Pa.R.A.P. 1532(b) (emphasis added).

9

This Court has clarified:

> The record, for purposes of the motion for summary relief, is the same as a record for purposes of a motion for summary judgment. [Pennsylvania Rule of Civil Procedure No. 1035.1] provides that the record in a motion for summary judgment includes any
>
> > (1) pleadings,
> >
> > (2) depositions, answers to interrogatories, admissions and affidavits, and
> >
> > (3) reports signed by an expert witness . . . [.]
>
> Pa.R.C.P. No. 1035.1. Therefore, in "ruling on a motion for summary judgment, a court must consider not only the pleadings but other **documents of record**, such as exhibits." *Am*[.] *Fed*[']*n of State, C*[*nty.*] [&] *Mun*[.] *Emp*[*s.*] *v. Commonwealth*, . . . 533 A.2d 785, 788 ([Pa. Cmwlth.] 1987).

*Borough of Bedford v. Dep't of Env't Prot.*, 972 A.2d 53, 60 n.6 (Pa. Cmwlth. 2009) (emphasis added; citation omitted). Accordingly, while Murray is incorrect that Hearing Examiner McKeown's Application was premature, Murray is correct that this Court cannot consider the exhibits attached to Hearing Examiner McKeown's brief because they are not part of the record.

Notwithstanding, Hearing Examiner McKeown argues that it is undisputed that the denial of Murray's requested witnesses for the misconduct hearing was legitimate because producing numerous prisoners from one institution to testify at another represents substantial logistical and operational challenges. However, in his Answer to New Matter, Murray averred:

> [T]here were several different means or methods available to [Hearing Examiner] Mc[K]eown of obtaining requested witnesses testimony housed at other SCI-facilities (such as, e.g., telephonic, video, etc.). The DC-ADM 801 Disciplinary Procedural Policy does permit in-camera testimony of inmate witnesses. By way of further reply,

[Hearing Examiner] McKeown's documented reason for denying witnesses to offer evidence at misconduct hearing (i.e., "Not required to determine fact") does not appear to be related to a legitimate security or penologically logistical concern.

Answer to New Matter ¶17. "[V]iew[ing] the evidence of record in the light most favorable to [Murray,]" this Court cannot hold that "there is no genuine issue as to [whether the denial of Murray's requested witnesses was based on substantial logistical and operational challenges,] and the right to judgment is clear as a matter of law." *Gregory*, 185 A.3d at 1205 n.5. Accordingly, Hearing Examiner McKeown's Application is denied.

## Conclusion

For all of the above reasons, the Motion and the Application are denied.

_____
ANNE E. COVEY, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bray Jibril Murray,                                          :
                 Petitioner                      :
                                        :
               v.                                      :
                                          :
Secretary John Wetzel; Superintendent     :
Mahally; Hearing Examiner C.J.                  :
McKeown; and Lieutenant Corbett,           :     No. 542 M.D. 2017
                  Respondents                   :

# O R D E R

AND NOW, this 14th day of July, 2021, Bray Jibril Murray's Application for Summary Relief in the nature of a Motion for Judgment on the Pleadings is DENIED. Hearing Examiner C.J. McKeown's Cross-Application for Summary Relief in the form of a Motion for Summary Judgment is DENIED.

_____
ANNE E. COVEY, Judge