484 A.2d 751

The PENNSYLVANIA FEDERATION OF
TEACHERS, et al., Appellees,

v.

The SCHOOL DISTRICT OF PHILADELPHIA,
et al., Appellants.

PENNSYLVANIA STATE EDUCATION ASSOCIATION, et
al., Appellees-Cross Appellants,

v.

COMMONWEALTH of Pennsylvania, et al.,
Appellants-Cross Appellees.

Supreme Court of Pennsylvania.

Argued June 19, 1984.

Decided Nov. 20, 1984.

James J. Kutz, Allen C. Warsaw, Deputy Attys. Gen., for Com. and School Dist. of Philadelphia.

Elliott Strokoff, Harrisburg, for Pennsylvania Federation of Teachers and Ass'n of Pennsylvania State College and University Faculties.

Anthony D. Newman, Thomas W. Scott, Harrisburg, for Pennsylvania State Educ. Ass'n.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

These are cross-appeals[1] from an order of the Commonwealth Court declaring section 2 of Act 31 of 1983 to be unconstitutional as an impairment of contract in violation of Article I, section 17 of the Pennsylvania Constitution, 472 A.2d 749.[2] The order of the Commonwealth Court permanently enjoined the enforcement of Act 31 insofar as it increased the "basic contribution rate" under the Public School Employees' Retirement Code, 24 Pa.C.S. § 8101 *et seq.*, ("Code") for employees who were members of the Public School Employees' Retirement System ("PSERS") prior to the effective date of the Act from five and one-quarter percent (5¼%) to six and one-quarter percent (6¼%). The Commonwealth Court further required that the additional monies collected from such employees pursuant to

1. This Court is vested with jurisdiction pursuant to 42 Pa.C.S. § 723(a).

2. Article I, Section 17 states:
   No *ex post facto law,* nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed.
   Pa. Const. Art. I, § 17.

the increase be refunded immediately with interest at the statutory rate of four percent (4%).

■ The constitutional issue raised in this case is identical to the issue recently decided by this Court in *Association of State College and University Faculties v. State System of Higher Education,* 505 Pa. 369, 479 A.2d 962 (1984). In that case we held section 7 of Act 31 to be an unconstitutional impairment of the state's obligation of contract since it unilaterally devalued the retirement benefits of employees who were members of the State Employees' Retirement Fund at the time Act 31 was signed. Although *Association of State College and University Faculties, supra,* involved section 7 of Act 31, which applies to the State Employees' Retirement System, its rationale is controlling in the instant appeal. We therefore hold that the increased contribution rate prescribed in section 2 of Act 31 cannot constitutionally be imposed on employees who were members of PSERS prior to the effective date of the Act.

■ In so holding, we reject three additional questions raised in this case. The first issue, raised by the Commonwealth, is that there is no privity of contract between the Commonwealth and the teachers, and therefore Act 31 does not represent a unilateral modification of a contract in violation of Article I, section 17. This claim is based on the theory that local school districts are not a part of the state but are instead independent employers.

The Commonwealth's contention must be rejected. It is well established that the local school districts are merely agents of the Commonwealth to which the legislature has delegated authority in order to fulfill the state's responsibility to provide public education. *Chartiers Valley Joint Schools v. Allegheny County Board of School Directors,* 418 Pa. 520, 211 A.2d 487 (1965); *Barth v. Philadelphia School District,* 393 Pa. 557, 143 A.2d 909 (1958); *Slippery Rock Area Joint School System v. Franklin Township School District,* 389 Pa. 435, 133 A.2d 848 (1957); *Wilson v. Philadelphia School District,* 328 Pa. 225, 195 A. 90 (1937);

*Smethport Area School District v. Bowers,* 219 Pa.Super. 269, 280 A.2d 632 (1971).

■ Article III, section 14 of the Pennsylvania Constitution provides:

The General Assembly shall provide for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth. Pa. Const. Art. III, § 14.

Section 14 thus places the responsibility of providing public education on the legislature. In meeting its responsibility the General Assembly has established a comprehensive legislative scheme governing the operation and administration of public education. Those local agencies created to administer the system have been delegated broad powers. *See generally,* Act of March 10, 1949, P.L. 30, art. II, §§ 201 *et seq., as amended,* 24 P.S. §§ 2–201 *et seq.* As an agent of the state the school district contracts on behalf of the Commonwealth with its employees for membership in the Public School Employees' Retirement System. Under the law of agency a contract made by an agent acting within the scope of its delegated authority is considered a contract of the principal. *See, e.g., Toll v. Pioneer Sample Book Company,* 373 Pa. 127, 94 A.2d 764 (1953); *Moser Mfg. Co. v. Donegal & Conoy Ins. Co.,* 362 Pa. 110, 66 A.2d 581 (1949); *Dodson Coal Co. v. Delano,* 266 Pa. 560, 109 A. 676 (1920); *Brown v. German-American Title & Trust Co.,* 174 Pa. 443, 34 A. 335 (1896). The school districts are clearly within their delegated authority in entering employment contracts with their teachers. *See* 24 P.S. §§ 2–211, 11–1106, 11–1121. Thus the state is a party to the contract under which the public school teachers become members of PSERS. As a party to these contracts the state cannot unilaterally modify their terms. *Association of State College and University Faculties v. State System of Higher Education, supra.*

■ Secondly, PSEA claims that the Commonwealth Court erred in limiting the interest rates on the money to be refunded to the four percent (4%) statutory interest rate.

In the definitional section, 24 Pa.C.S. § 8102, the Code defines the statutory interest rate to be "[i]nterest at 4% per annum, compounded annually." The employee-member is entitled only to this four percent (4%) on his contributions.

Under the Code a member is entitled upon retirement to the "accumulated deductions" in the member's savings account. 24 Pa.C.S. § 8102. "Accumulated deductions" include the member's contributions at the "basic contribution rate" plus those made by the employer on behalf of the member and the "statutory interest" credited. Since the statutory interest rate determines the amount credited to the member for his contributions, it is reasonable to use that rate for the interest used here.

Moreover, there is no justification for requiring any additional interest to be assessed. Legislative enactments are presumed to be constitutionally valid. *Martin v. Unemployment Compensation Board of Review*, 502 Pa. 282, 466 A.2d 107 (1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2156, 80 L.Ed.2d 541 (1984); *National Wood Preservers, Inc. v. Commonwealth*, 489 Pa. 221, 414 A.2d 37, *appeal dismissed*, 449 U.S. 803, 101 S.Ct. 47, 66 L.Ed.2d 7 (1980); *Glancey v. Casey*, 447 Pa. 77, 288 A.2d 812 (1972); *Prichard v. School District of Willistown Township, Chester County*, 394 Pa. 489, 147 A.2d 380 (1959). Statutes must be followed unless a court of competent jurisdiction finds them to be unconstitutional. PSERS, in assessing the increased contributions was merely following the law as established by Act 31. To require PSERS to pay any interest over the statutory four percent (4%) normally credited to members accounts would be to exact a penalty on PSERS for following the presumptively valid act of the legislature.

■ Finally, PSEA seeks a refund of contributions made by employees who became members of PSERS after the effective date of Act 31. PSEA claims that the inclusion of a non-severability clause which renders sections 2, 3 and 4 of the Act void "[i]n the event a court of competent jurisdic-

tion rules finally that the salary deductions mandated in these sections are legally or constitutionally impermissible," Act 1983–31 § 15, 1983 Pa.Legis.Serv. at 254, necessitates a return to the basic contribution rate of five and one-quarter percent (5¼%) for all employees whether they became members prior to or after the effective date of Act 31. We reject this argument. The salary deductions are unconstitutional as an impairment of contract only as applied to those employees who were members of PSERS prior to the effective date of Act 31. The salary deductions based on the increased contribution rate of six and one-quarter percent (6¼%) are thus still valid as applied to any employees who became members after the effective date of the Act. Consequently, any alteration of the Public School Employees' Retirement Code which would result from the non-severability clause would not be applicable to those who joined PSERS subsequent to Act 31.

Inasmuch as we reject the issues raised herein and we hold the judgment in *Association of State College and University Faculties v. State System of Higher Education* to be controlling, we affirm the order of the Commonwealth Court.

HUTCHINSON, J., files a concurring opinion.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the Order of the Commonwealth Court of Pennsylvania is affirmed.

HUTCHINSON, Justice, concurring.

I agree with the majority's disposition of this case but continue to adhere to the views expressed in my concurring and dissenting opinion in *Association of State College and University Faculties v. State System of Higher Education*, 505 Pa. 369, 479 A.2d 962 (1984).