584 A.2d 1102

**BRIND LEASING CORPORATION, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DOUGHERTY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 24, 1990.

Decided Dec. 28, 1990.

Angelo L. Scaricamazza, Jr., Naulty, Scaricamazza & McDevitt, Philadelphia, for petitioner.

Edward C. Mintzer, Jr., with him, John M. Skrocki, McWilliams and Mintzer, P.C., Philadelphia, for respondent, Joanne Dougherty.

Before CRAIG, President Judge, and PELLEGRINI, J., and CRUMLISH, Senior Judge.

## OPINION

CRUMLISH, Jr., Senior Judge.

Brind Leasing Corporation (Brind) appeals a Workemen's Compensation Appeal Board (Board) order which upheld a referee's decision awarding benefits to Joanne Dougherty, the widow of Thomas Dougherty, pursuant to her fatal claim petition. Section 301(c) of The Pennsylvania Workmen's Compensation Act. The Board also upheld the award of attorney's fees.[1] We affirm in part and reverse in part.

■ Dougherty's husband was employed by Brind on the date of his fatal injury. After clocking out of work at approximately 3:30 p.m., Dougherty remained directly across the street from Brind's driveway apron, talking with Brind employees. Around 5:00 p.m., the night supervisor was attacked by a group of men on Brind's property. Dougherty went back onto the premises to aid the supervisor and was fatally stabbed by one of the attackers.

The referee concluded that the decedent was killed while engaged in the course of his employment and in furtherance of his employers business interests. The referee further found that, based on the evidence, there was no reasonable basis for Brind's contest. He therefore awarded counsel fees. The Board affirmed the referee's decision.

1. Act of June 2, 1915, P.L. 736 *as amended,* 77 P.S. § 411.

In *Workmen's Compensation Appeal Board v. United States Steel Corp. (Slaugenhaupt)*, 31 Pa.Commonwealth Ct. 329, 333, 376 A.2d 271, 273 (1977), we held that

[i]njuries may be sustained in the course of employment in two distinct situations: (1) where the employee, whether on or off the employer's premises, is injured while actually engaged in the furtherance of the employer's business or affairs, or (2) where the employee although not actually engaged in the furtherance of the employer's business or affairs (a) is on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on; (b) is required by the nature of his employment to be present on his employer's premises; and (c) sustains injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon.

Thus, the pivotal issue is whether Dougherty was engaged in the furtherance of his employer's interests or whether his presence on the premises was required by the nature of his employment.

Brind argues that Dougherty was neither in the scope of his employment nor furthering his employer's business interest since Dougherty had clocked out one and one-half hours earlier and his job responsibilities were limited to the repair and maintenance of machinery. Brind maintains that the fight in which Dougherty was engaged was beyond the scope of his duties.

There is no dispute that Dougherty's presence on the Brind property was required up to the time he clocked out. Moreover, in *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board (Kurta)*, 55 Pa.Commonwealth Ct. 465, 475–76, 423 A.2d 792, 797 (1980), we stated that even though not actually engaged in the employer's work, an employee will be considered to have suffered an injury in the course of employment if the injury occurred on the employer's premises at a reasonable time before or after the work period.

In *Webster v. Workmen's Compensation Appeal Board (234 Inc. and S.Q. Corp.)*, 92 Pa.Commonwealth Ct. 412, 499 A.2d 1117 (1985), a bartender was stabbed when he attempted to break up a fight after remaining on the property one and one-half hours after his shift ended. Although the decedent in that case was stabbed after his shift ended, we concluded his death occurred while in the scope of his employment. Here, Dougherty remained in an area where Brind employees generally congregated. He then returned to the actual premises where the fatal injury occurred.

On the other hand, in several instances similar to this case, benefits have been denied. We find these cases distinguishable. In *Heverly v. Workers Compensation Appeal Board (Ship 'n Shore)*, 134 Pa.Commonwealth Ct. 110, 578 A.2d 575 (1990), we held that a claimant who returned to work to retrieve her eye glasses was not injured in the course of employment. There, we concluded that the claimant was motivated to retrieve her glasses by purely personal reasons. Her return to the business premises in no way furthered the interest of her employer.

Here, it cannot be said that Dougherty's attempt to aid a supervisor was strictly personal. By defending that supervisor, Dougherty furthered his employer's interest in sustaining a member of the workforce. Furthermore, it has been stipulated that there was no pre-existing personal animosity between Dougherty and his attackers.[2]

Likewise, in *Dana Corporation v. Workers Compensation Appeal Board (Gearhart)* 120 Pa.Commonwealth Ct. 277, 548 A.2d 669 (1988), we denied compensation to an employee who was injured when he voluntarily helped a co-worker start his car to go home and was on the business premises longer than he would normally have been. This case is also distinguishable because the claimant lent assist-

---

2. *See D'Agata National Inc. et al., v. Workmen's Compensation Appeal (D'Agata)* 84 Pa.Commonwealth Ct. 527, 479 A.2d 98 (1984) in which benefits were awarded where in those circumstances, there was no pre-existing animosity between a third-party assailant and his victim.

ance to a co-employee for a purely personal reason—to help him get home. Moreover, the injury was neither caused by a condition of the premises nor by the operation of the employer's business. *Id.*, 120 Pa.Commonwealth Ct. at 282, 548 A.2d at 671.

As an employee, Dougherty's presence was required. He saw his night supervisor being attacked and felt compelled to come to his aid. This compulsion arose from his employment relationship. Under the circumstances herein, we conclude that Dougherty was on his employer's premises at a reasonable time after his work ended and was injured while furthering his employer's affairs.

■ Brind Leasing next asserts that the referee improperly ordered the payment of attorney fees.

In determining the reasonableness of an employer's contest we must evaluate whether it was brought to resolve a genuinely disputed issue or merely for purposes of harassment, *Webster*, 92 Pa.Commonwealth Ct. at 420, 499 A.2d at 1121. The issue of whether decedent was required by the nature of his employment to be on the premises was genuinely disputed in this case. Brind presented a legitimate question of law that was dependent on the unusual facts of the case. Thus, we hold Brind's contest was reasonable and reverse the Board as to the award of counsel fees.

### ORDER

The order of the Workmen's Compensation Appeal Board dated February 14, 1990 is affirmed in part and reversed in part. The order is affirmed as to the award of compensation. The order is reversed as to the award of attorney fees.