Stanley **LYSICKI** and Anna Lysicki, his wife, as tenants by the entirety, an undivided one-third interest; Howard Geyser and Doris Geyser, his wife, as tenants by the entirety, an undivided one-third interest; and Robert J. Gesk and Eileen M. Gesk, his wife, as tenants by the entirety, an undivided one-third interest; said interest being held as tenants in common, Appellants,

v.

**MONTOUR SCHOOL DISTRICT**
and Maronda Homes, Inc., a
corporation.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1997.

Decided Oct. 15, 1997.

Warren D. Ferry, Butler, for appellants.

Ira Weiss, Pittsburgh, for appellee, Montour School District.

Before McGINLEY and PELLEGRINI, JJ., and JIULIANTE, Senior Judge.

McGINLEY, Judge.

Stanley and Anna Lysicki (the Lysickis), Howard and Doris Geyser (the Geysers), and Robert J. and Eileen M. Gesk (the Gesks) (collectively, Appellants) appeal from an order of the Court of Common Pleas of Allegheny County (common pleas court) that sustained the preliminary objections of the Montour School District (School District).

Appellants are the owners of three tracts of property located on Klamath Drive in Robinson Township, Allegheny County, Pennsylvania. The Lysickis have resided at Klamath Drive since 1950, the Geysers since 1960, and the Gesks since 1972. Appellants' property adjoins 41.42 acres of undeveloped property owned by the School District. The School District condemned this property in 1960 for public use. On September 19, 1996, the School District entered into a contract with Maronda Homes (Maronda) to sell the 41.42 acre tract of land for a purchase price of $300,000. On January, 2, 1997, the common pleas court granted the School District's petition to sell the property.

On February 7, 1997, Appellants filed a complaint in ejectment alleging:

8. The backyards of the plaintiffs [Appellants] directly abut and adjoin a portion of said ... Property.

9. For a period of 21 years, the plaintiffs, each and all of them, have adversely possessed a portion of said ... Property, consisting of an area of approximately 80,000 square feet, immediately abutting the rear of their property lines.

10. The plaintiffs' possession has been actual, continual, exclusive, notorious, distinct, and hostile for a period of 21 years and has consisted of actively farming said parcel of 80,000 square feet, more or less, each year, maintaining said land for farm use, and cutting grass on that portion of land not actually farmed.

. . . .

14. The defendant School District has no right to sell the approximately 80,000 square foot portion of the ... Property in that the defendant does not have title to said property.

Complaint in Ejectment, February 7, 1997, Paragraphs 8–10 and 14 at 3; Reproduced Record (R.R.) at 6a.

The School District preliminarily objected in the nature of a demurrer and asserted that Appellants' "complaint fails to state a claim against Montour School District as school districts are the agents of the Commonwealth and are, therefore, immune from suits for adverse possession."[1] Preliminary Objections, March 7, 1997, Paragraph 2 at 2; R.R. at 51a.

The common pleas court sustained the preliminary objection:

After argument, we concluded that adverse possession cannot lie against a school district such as Defendant Montour and dismissed Plaintiffs' Complaint. In reaching this conclusion, we relied on the analysis of the Court of Common Pleas of Warren County, set forth in Warren Borough School District v. Peck 39 D. & C. 689 (C.P. Warren Co.1940). Although this case is almost sixty years old, it cites the most recent Supreme Court opinions on

the subject, which state unequivocally that school districts are Commonwealth agencies. It is undisputed that Commonwealth agencies are *not* subject to adverse possession. (emphasis in original).

Opinion of the Common Pleas Court, July 10, 1997, at 2.

 Our scope of review of a challenge to the sustaining of preliminary objections in the nature of a demurrer is whether on the facts alleged the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270, 271 n. 3 (1993). This Court must accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deducible therefrom and any doubt should be resolved in favor of overruling the demurrer. *Id.*

██ On appeal Appellants contend that a claim for adverse possession lies because the School District's property was never used for a public purpose. Appellants cite *Old Forge School District v. Thorne*, 9 D & C 4th 97 (C.P. Lackawanna Co.1990) in support of their position.

In *Old Forge*, Mr. and Mrs. Thorne (the Thornes) purchased property located on 1276 Mine Street, Old Forge, Pennsylvania. After satisfaction of their mortgage, the Thornes discovered that they did not own all of the land in their possession. The Thornes petitioned to quiet title against the original developers and all other parties who claimed title to the parcel of land known as "lot 117."[2] On December 12, 1985, the common pleas court entered final judgment in favor of the Thornes.

On April 28, 1988, the Old Forge School District (Old Forge) petitioned to strike off the judgment or in the alternative to open judgment. Old Forge asserted it obtained lot 117 by deed from Rudolph Yagoda in 1916

---

1. The School District also asserted that "[i]n order to prove the element of actual possession in cultivation cases, Plaintiffs must evidence the fact that the property is enclosed." Preliminary Objections, Paragraph 5 at 2; R.R. at 51a. The common pleas court did not rule on this preliminary objection and Appellants have not raised this as an issue on appeal.

2. The Thornes conveyed a strip of property in lot 117 to Dorothy Yaroslosky after she filed an action of ejectment, claiming ownership by adverse possession of that portion of the lot.

and that the Thornes were "barred from claiming title to this property through adverse possession." *Id.* at 99. The common pleas court rejected this argument and stated:

> The Old Forge School District is a political subdivision of the Commonwealth. Pennsylvania case law clearly demonstrates that a party cannot assert a claim of adverse possession against the Commonwealth. However, a party can obtain title to property by adverse possession when the property is owned by a political subdivision unless such property has been devoted to public use. (cites omitted).

*Id.* at 99. The common pleas court granted the School District's petition to open judgment because the School District was never served with a copy of the quiet title action or named as a defendant. The holding in *Old Forge* is contrary to our appellate decisions which have consistently regarded school districts as agents of the Commonwealth.

In *Pennsylvania Federation of Teachers v. School District of Philadelphia*, 506 Pa. 196, 199, 484 A.2d 751, 753 (1984) our Pennsylvania Supreme Court stated that "[i]t is well established that the local school districts are merely *agents of the Commonwealth* to which the legislature has delegated authority in order to fulfill the state's responsibility to provide public education." (emphasis added and citations omitted).

Further, in *Torch v. Constantino*, 227 Pa. Superior Ct. 427, 323 A.2d 278 (1974)[3], the Pennsylvania Superior Court examined the law in Pennsylvania concerning adverse possession. The Superior Court stated:

> There is no question that adverse possession will not lie against lands held by the Federal Government. *Nor can a claim of adverse possession be asserted against the Commonwealth.* As to political subdivisions, such as counties, townships and boroughs the rule seems to be that title by presumption against such governing bodies, and in this case, may be asserted unless the land in question is devoted to public use. (citations omitted and emphasis added).

*Id.* at 429, 323 A.2d at 279.[4]

 Clearly, school districts are agents of the Commonwealth. Because a claim of adverse possession cannot lie against the Commonwealth, it cannot lie against the School District.

Accordingly, the decision of the common pleas court is affirmed.

### ORDER

AND NOW, this 15th day of October, 1997, the order of the Court of Common Pleas of Allegheny County at GD 97–1903, dated April 15, 1997, is affirmed.

---

**3.** In *Torch*, Jack and Genevieve Constantino (the Constantinos) brought an ejectment action against Joseph and Rosella Torch (the Torchs) asserting title by adverse possession. The parties admitted that possession was adverse for more than twenty-one years. The Constantinos claimed title to 0.65 acres of land located in Lackawanna County "by virtue of a tax deed granted to them by Lackawanna County after a treasurer's tax sale." *Id.* at 429, 323 A.2d at 279. The common pleas court sustained a claim of title in favor of the Constantinos. On appeal the Superior Court addressed the issue of whether land held for tax sale as a result of nonpayment of taxes did not toll the prescription period. The Superior Court determined that "adverse possession does not run against the political subdivision holding land for sales for nonpayment of taxes...." *Id.* at 433, 323 A.2d at 281.

**4.** We note that in *Warren Borough School District v. Peck*, 39 D & C 689 (C.P. of Warren Co.1940) the common pleas court determined that "such title [by adverse possession] cannot be acquired against an agency such as a school district." *Id.* at 694.