748 A.2d 660

KMART CORPORATION, Appellant,

v.

WORKERS' COMPENSATION APPEAL BOARD
(Shirley FITZSIMMONS), Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 19, 1999.

Decided March 22, 2000.

114

Jonathan F. Ball, Philadelphia, for Kmart Corp.

Amber M. Kenger, Mechanicsburg, for W.C.A.B.

Bart E. Ecker, John M. Gallagher, Hazleton, for S. Fitzsimmons.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

CAPPY, Justice.

We granted allocatur in this case to address whether the Commonwealth Court erred in affirming the award of workers' compensation benefits to an off-duty employee who sustained a mental injury as a result of witnessing an attack upon a co-employee. For the following reasons, we reverse.

Appellee Shirley Fitzsimmons worked in stock and as a floor person at Appellant Kmart Corporation's Mt. Pocono store ("Kmart"). On January 10, 1992, appellee arrived at work for her regular 7:00 am to 4:00 pm shift. Around 1:00 pm, she punched out on the time clock in order to meet her husband for lunch. Although appellee was free to leave the premises, she and her husband decided to eat at the Eatery Express, a public restaurant located on Kmart's premises.

Appellee's co-worker, Angela Walker, also decided to take her lunch break at the Eatery Express. Mrs. Walker sat at a

table next to appellee and appellee's husband. During lunch, Mrs. Walker's estranged husband entered the restaurant and attacked her with a knife. Appellee, her husband and other bystanders intervened and disarmed Mr. Walker. Appellee administered cardiopulmonary resuscitation (CPR) to Mrs. Walker until the paramedics arrived to stabilize Mrs. Walker's condition and transport her to the hospital.

Thereafter, appellee began experiencing nightmares. She stopped working at Kmart on February 18, 1992. At that time, she attributed her difficulties to medication she was taking for her back, rather than the stabbing incident. However, on June 15, 1992, she began treating with a psychiatrist who diagnosed post-traumatic stress disorder resulting from the incident on January 10, 1992. On September 22, 1992, appellee filed a petition for workers' compensation benefits, alleging that she suffered from post-traumatic stress disorder as a result of witnessing the attack.

Following hearings, the workers' compensation judge (WCJ) denied the petition. The WCJ accepted the testimony of appellee's treating physician that her psychological disorder was caused by the January 10, 1992 incident. WCJ Opin. at 5. The WCJ also characterized the incident as an abnormal working condition. However, the WCJ concluded that appellee was not injured in the course and scope of her employment because she failed to prove that she was actually engaged in the furtherance of the business or affairs of her employer, that her injury was caused by the condition of her employer's premises, or that her presence on the premises at the time of the injury was required by the nature of her employment. WCJ Opin. at 6.

The Workers' Compensation Appeal Board ("WCAB") reversed and remanded the case to the WCJ for an entry of an award of benefits. In its opinion, WCAB relied on *Brind Leasing Corp. v. WCAB (Dougherty)*, 137 Pa.Cmwlth. 65, 584 A.2d 1102 (1990), in which the Commonwealth Court held that an off-duty employee, who was fatally stabbed when he returned to his employer's premises to rescue the night supervisor from an attack, had suffered a compensable injury. The

WCJ subsequently circulated an order on remand entering an award of benefits to appellee. Appellant petitioned the Commonwealth Court for review of WCAB's order. In a memorandum opinion, the Commonwealth Court affirmed WCAB's finding, reasoning that appellee was furthering her employer's business or affairs when she aided her co-worker. Appellant's Application for Reargument was denied; however, the Commonwealth Court granted reconsideration in order to amend a portion of its opinion.

Appellate review of a workers' compensation order is limited to determining whether constitutional rights have been violated, an error of law has occurred, rules of administrative procedure have been violated, or a finding of fact necessary to support the adjudication is not supported by substantial evidence. 2 Pa.C.S. § 704; *Waugh v. WCAB (State Workmen's Insurance Fund)*, 558 Pa. 400, 737 A.2d 733, 736 (1999). As this appeal presents a question of law, our scope of review is plenary. *Phillips v. A–Best Products Co.*, 542 Pa. 124, 665 A.2d 1167, 1170 (1995).

Initially, appellant contends that this court should deny compensation to appellee because she advanced a different theory on appeal than the one she pled and presented to the WCJ. Specifically, appellant claims that appellee initially sought benefits as a result of *witnessing* the incident but on appeal, she sought benefits on the basis of *protecting and resuscitating* a co-employee.[1] Appellant claims that its due process rights were violated when the appellate tribunals decided the case on the latter theory, when it was never on notice as to that theory and was never afforded an opportunity to present evidence to controvert that claim. Appellant reasons that the Commonwealth Court's inquiry should have been limited to whether appellee's presence was required on appellant's premises at the precise moment she saw the stabbing

1. For example, appellee pled that she was injured as a result of having "witnessed a third party attack and stab a co-employee." Claim petition at ¶ 3; R.R. 2a. Moreover, appellee's medical expert testified that she complained of having witnessed an attempted homicide. Pascal dep. at 8–10.

 In workers' compensation proceedings, Pennsylvania courts generally do not require strictness of pleading. *See* 1 Torrey and Greenberg, *Pennsylvania Workers' Compensation: Law and Practice* § 11:5 (1999). Since the attack occurred on Kmart's premises, Kmart cannot claim to be unaware of the events giving rise to appellee's claim. Appellant seeks to limit the cause of the injury to the moment the stabbing occurred, despite the fact that appellee also observed and participated in the events occurring immediately following the stabbing. We decline to parse the incident into discrete time periods. Given that appellant was fully appraised of the entire event and appellee's conduct throughout, we find that sufficient notice was afforded to appellant to present a defense to appellee's claim.[2]

 In order to be eligible for workers' compensation benefits, the claimant must establish (1) that the injury occurred in the course of employment and (2) that it was related thereto. *Lehigh County Vo–Tech School v. WCAB (Wolfe)*, 539 Pa. 322, 652 A.2d 797, 799 (1995) (citations omitted). Whether a claimant's injury occurred in the course of employment is a question of law. *Id.* We must address whether the "injury" asserted by appellee is encompassed within the Workers' Compensation Act ("Act").

As of January 10, 1992, the date of appellee's injury, section 301(c)(1) of the Act provided in pertinent part as follows:

**2.** In support of its position, appellant cites *Hrivnak v. Perrone*, 472 Pa. 348, 372 A.2d 730 (1977), a negligence case in which the plaintiff alleged and presented evidence that he was injured when the defendant's car struck him. The trial court, *sua sponte*, instructed the jury that the plaintiff could recover even if there had been no touching by the defendant's car. We reversed, finding that the trial court could not instruct on a theory of recovery which would require the jury to discount the evidence proffered by the plaintiff. *Id.* at 734. *Hrivnak* is plainly distinguishable, since appellee testified as to her efforts to protect and resuscitate the co-worker and thus, appellee's theory of recovery is consistent with the evidence presented. Appellant also relies on *Com., Dept. of Transp. v. Malone*, 103 Pa.Cmwlth. 295, 520 A.2d 120 (1987), in which the trial court *sua sponte* raised an issue after the record was closed. That situation is not present in the instant matter.

The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto....The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

77 P.S. § 411(1).

■ Thus, the Act sets forth two situations in which an employee may obtain workers' compensation benefits. In the first situation, the employee must be actually engaged in the furtherance of the employer's business or affairs, regardless of whether the employee is upon the employer's premises. In the second situation, the employee need not be engaged in the furtherance of the employer's business or affairs. However, the employee must fulfill three requirements: he or she (1) must be on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on; (2) must be required by the nature of his employment to be present on the premises; and (3) must sustain injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon.

Turning to the first scenario, we consider whether the appellee was injured while she was actually engaged in the furtherance of her employer's business or affairs. In address-

ing this issue, Commonwealth Court relied on *Brind Leasing Corp. v. WCAB (Dougherty)*, 137 Pa.Cmwlth. 65, 584 A.2d 1102 (1990). In *Brind Leasing*, claimant's decedent had finished his regular shift and had punched out on the time clock. He left his employer's premises and remained across the street for approximately one and one-half hours. He then observed the night supervisor being attacked by a group of men upon the employer's driveway apron. The decedent returned to the premises and intervened in order to rescue the supervisor, and was fatally stabbed by one of the attackers. In applying the provisions of section 301(c)(1), the Commonwealth Court in *Brind Leasing* found that decedent, by defending his supervisor, had "furthered his employer's interest in sustaining a member of the workforce." *Id.* at 1103.

Applying this reasoning, Commonwealth Court in the instant case found that appellee came to the aid of her co-employee by helping to disarm the attacker and administering CPR to her co-employee. The court held that as in *Brind Leasing*, these actions furthered the employer's business or interests by sustaining a member of the workforce. Slip Opin. at 7.

Appellant contends that adopting the Commonwealth Court's rule would expand the application of the Act to cover situations involving an employee who is injured as a result of either seeing an off-duty employee injured or tending to that off-duty employee's injuries, regardless of the time, place or circumstance of the co-worker's mishap. We agree.

We recognize that the Worker's Compensation Act is remedial in nature and is intended to benefit workers, and thus its provisions must be construed to effectuate their humanitarian objective. *Lehigh County Vo–Tech*, 652 A.2d at 799 (citations omitted). However, we are also mindful that the Act was not intended to make the employer an insurer of its employees' lives and health. *Ginther v. J.P. Graham Transfer Co.*, 348 Pa. 60, 33 A.2d 923, 924 (1943). While an employer has some economic interest in its employees' lives, that interest alone is too tangential a basis to impose liability

upon the employer when an employee is injured while sustaining the life of a co-employee. There must be some other indicia that the employee rendering the aid is actually engaged in the furtherance of the employer's business or affairs. Thus, we disagree with the broad proposition in *Brind Leasing*.

Appellee asserts that she was acting in the furtherance of her employer's business or affairs, notwithstanding that she and Mrs. Walker were on a lunch break at the time of the attack. She cites *Dzikowska v. Superior Steel Co.*, 259 Pa. 578, 103 A. 351 (1918) and *Komar v. Penn. Railroad Co.*, 121 Pa.Super. 385, 184 A. 293 (1936) for the proposition that no break in employment results when an employee takes time for a meal, especially where the employee remains on the premises. Appellee fails to note that these cases also recognize an exception when the worker "is doing something that is wholly foreign to his employment." 103 A. at 352, 184 A. at 293–94. In this case, the actions taken by appellee in intervening in an assault upon her co-worker, while both she and her co-employee were off-duty, were wholly foreign to her employment.

Appellee further relies on *Mann v. City of Philadelphia*, 128 Pa.Cmwlth. 499, 563 A.2d 1284 (1989), *alloc. denied*, 525 Pa. 622, 577 A.2d 892 (1990), in which a lifeguard, on an unpaid dinner break, drowned while he was swimming laps in a pool when it was closed to the public. The Commonwealth Court found that the act of swimming laps was in the furtherance of the employer's interest since the employee had to maintain his swimming skills in order to perform his job. *Id.* at 1287. Additionally, the employee was in the pool during regular work hours and was only allowed in the pool at the time of his death because he was a pool employee. *Id.* Similarly, appellee contends her injury occurred in Kmart's restaurant during regular work hours while she was permitted to be there in her capacity as a Kmart employee. Moreover, appellee asserts that she was required "on occasion" to perform duties and help customers during her lunch period. Appellee's Br. at 11. Significantly, however, appellee does not claim that she was performing such tasks at the time she suffered her injury.

Nor was appellee permitted to be in the public restaurant only in her capacity as an employee. Thus, *Mann* does not support appellee's position.

Finally, appellee claims that her employer "derived a direct benefit of 'furtherance of business or affairs' " because of her intervention, since appellant's civil liability for the attack, to the extent appellant is liable, would have been much greater had appellee not intervened. Evidently, Mrs. Walker brought a civil action against appellant following the incident. We find that the potential for any such benefit is far too speculative to impose liability for workers' compensation benefits upon the employer. Accordingly, appellee does not meet the elements of the first test in section 301(c)(1) because she was not actually engaged in the furtherance of the employer's business or affairs at the time of the incident.

Next, we determine whether appellee satisfies the second situation set forth in section 301(c)(1) of the Act. To do so, Appellee must show that at the time of her injury, she (a) was on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on; (b) was required by the nature of her employment to be present on her employer's premises; and (c) sustained injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon.

The parties do not dispute that the attack upon Mrs. Walker occurred on appellant's premises. Therefore, we turn to the next prong, which inquires whether appellee's presence upon the premises was required by the nature of her employment. In *Brind Leasing,* Commonwealth Court found that the employee's presence on the employer's premises was required by the nature of his employment. Specifically, the court determined that the employee "saw his night supervisor being attacked and felt compelled to come to his aid" and that "[t]his compulsion arose from the employment relationship." *Id.* at 1104.

In this case, Commonwealth Court determined that "although appellee was not required to be on the premises during

her lunch break, like in *Brind Leasing*, her presence became required to aid the co-worker when the co-worker's husband entered employer's premises and began stabbing the co-worker." Amended Slip Opin. at 1.

Appellant contends that the Commonwealth Court failed to identify a source for the requirement of appellee's presence on the premises. Appellant claims that rather than a work-related compulsion, appellee was motivated to assist Mrs. Walker because appellee is a "Good Samaritan." [3] For example, appellee characterized herself as a "Good Samaritan" who will "always stop anywhere"; in fact, just one week prior to the attack, appellee stopped at the scene of a highway accident to render assistance. R. 44–45a. [4]

 Implicit in the Commonwealth Court's decision is the finding that as in *Brind Leasing*, appellee felt compelled to come to her co-employee's aid and that this compulsion arose from the employment relationship. The basis for such a compulsion is unclear. Appellee argues that the compulsion existed because there is no evidence that appellee knew Mrs. Walker from any contact outside of the employment relationship. In other words, appellee only assisted Mrs. Walker because she became acquainted with Mrs. Walker at work. However, the fact that they became acquainted through work does not mean that appellee was required by the nature of her

**3.** Although not implicated in this case, 42 Pa.C.S. § 8332, entitled "Nonmedical good Samaritan civil immunity", protects a person who rescues another or renders emergency care from civil liability for acts or omissions resulting in harm to the victim.

**4.** While appellee does not address this issue in her brief, we note that the Commonwealth Court in *Buckeye Pipe Line Co. v. WCAB (ABT)*, 714 A.2d 1143 (Pa.Cmwlth.), *alloc. denied*, 557 Pa. 632, 732 A.2d 617 (1998), affirmed the award of workers' compensation benefits to a traveling employee who removed debris from a highway and then was struck by a passing vehicle. The court noted, *inter alia*, that "[a] number of courts have gone to considerable lengths in upholding awards for injuries occurring in the course of miscellaneous 'good samaritan' activities by employees, on the theory that the employer ultimately profited as a result of the goodwill thus created. [footnote omitted]" *Id.* at 1145–46. To the extent that the Commonwealth Court held that an award of benefits is permissible because of the tangential goodwill that may inure to the employer, we disapprove of such reasoning.

employment to assist Mrs. Walker. To the extent that appellee is claiming that she felt compelled to save her co-employee's life because of an obligation to further her employer's business or affairs, we reject that claim. As previously indicated, this is too tenuous a basis to impose liability upon an employer. Appellee fails to demonstrate an employment-related compulsion that necessitated her presence on the premises at the time of the attack. Thus, the Commonwealth Court erred in finding that appellee was required by the nature of her employment to be on her employer's premises at the time of her injury.

Appellee contends that the fact that an assault occurs on an employer's premises creates a presumption that the claimant is covered under the Act, and the employer must rebut this presumption by proving that the assailant intended to injure the employee for personal reasons. *See Wills Eye Hospital v. WCAB (Dewaele)*, 135 Pa.Cmwlth. 6, 582 A.2d 39 (1988), *aff'd per curiam*, 525 Pa. 504, 582 A.2d 857 (1990) (awarding benefits to claimant who was assaulted by a co-worker, where employer failed to rebut presumption that the worker was injured in the course of his employment). Appellee claims that she was assaulted along with her co-worker since (1) the assailant brandished the knife in the direction of Mrs. Walker, next to whom appellee was seated and (2) in the attempt to subdue the assailant, appellee's glasses were knocked off. We disagree. The WCJ made no finding that the incident involved an assault upon appellee, nor are the above-cited facts sufficient to transform the personal attack upon Mrs. Walker into an assault upon appellee.[5]

Appellee further asserts that her presence was required on her employer's premises by the nature of her employment because she worked a shift which required her to eat her meals while at work and because the duration of her lunch break limited her choices as to where she would have lunch; thus, it was most convenient for appellee to eat on her

5. We note that the legislature has provided a means by which persons who intervene in a crime may recoup their financial losses. *See* Crime Victims Act, 18 P.S. § 11.701 *et seq.*

employer's premises. The fact that appellee found it most convenient to eat lunch at Kmart in no way establishes that she was required to eat there; to the contrary, the WCJ found that she was free to leave the store. WCJ Opin. at 7. Appellee also claims that but for her employment, she would not have been eating lunch at that location, nor would she have come to Ms. Walker's aid. While appellee was required to work that day, that does not mean that she was required to be on the premises at the time of her injury.

Because we find that appellee was not in the course of her employment at the time of her injury, we reverse the order of the Commonwealth Court.[6]

---

**6.** Because of this holding, we will not address appellant's other arguments.